UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

Peter N. Bakatselos            Chapter 13
                                           Case No. 08-61552
                                           Honorable Thomas J. Tucker

           Debtor(s)
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

     NOW COMES Movant, GMAC Mortgage Corporation, by and through its attorneys, Orlans Associates, P.C., and shows unto this Honorable Court as follows:

1. That Movant was the holder of a mortgage on real property owned by the debtor and located at 47300 7 Mile Rd, Northville, MI 48167 (a copy of the recorded Sheriff's Deed is attached);

2. GMAC Mortgage Corporation is moving on behalf of Mortgage Electronic Registration Systems, Inc.;

3. That the debtor filed 13 Bankruptcy on September 5, 2008;

4. That pursuant to 11 U.S.C. § 362 (d)(1), upon request of a party in interest, the court shall grant relief from stay for cause, including lack of adequate protection of an interest in property of such party in interest;

5. That pursuant to default in the terms of said mortgage, a foreclosure sale was conducted on October 10, 2007;

6. The Sheriff's Deed on the Mortgage Sale was recorded on October 19, 2007, in Liber 46750, Page 54, Wayne County Records;

7. That at the foreclosure sale, the mortgagee bid in the amount of indebtedness, that being $382,500.00;

8. That the market value of the property pursuant to Debtor's Schedule D is approximately $574,000.00;

9. That as a result of the foreclosure sale, the mortgage was extinguished under state law, and the redemption period expired on October 10, 2008;

10. That as a result of the foreclosure, the subject property is not an asset of the estate;

11. That the filing of the debtor's Chapter 13 petition has no affect on this Creditor's right to foreclose or institute summary proceedings for possession of the premises pursuant to the 6th Circuit Court of Appeals' decision; <u>In re Glenn,</u> 760 F2d 1428 (6th Cir.) cert. Denied 474 U.S. 849 (1985);

12. That pursuant to Local Bankruptcy rule 9014-1(b)(4) attached is a copy of the proposed Order Granting Relief from the Automatic Stay labeled as Exhibit "A";

13. That the entry of the order granting relief from the automatic stay shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3);

14. This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

WHEREFORE, Movant respectfully requests that this Court enter an Order Granting Relief from the Automatic Stay pursuant to 11 USC § 362(d) so that it, and its successors and assigns may exercise its rights to pursue its state court remedies with respect to its interest in the subject property, and the entry of the order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3), and whatever other relief the Court deems just and equitable.

Date: October 20, 2008           Respectfully Submitted,

                                                    By: <u>/s/ Heather D. McGivern</u>
                                                        Heather D. McGivern, Esq. P59393
                                                        Email: Hmcgivern@orlans.com
                                                        Orlans Associates, P.C.
                                                        Attorneys for Movant
                                                        P.O. Box 5041
                                                        Troy, MI 48007
                                                        248-502-1408
                                                        File Number: 280.2758